# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**CYNTHIA WHEELER LINDSEY**                                    **PLAINTIFF**

**vs.**                                    **CIVIL ACTION NO. 4:15CV160-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration**                 **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

Plaintiff Cynthia Lindsey appeals a decision by the Commissioner of Social Security denying her application for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Plaintiff protectively applied for disability on January 28, 2013 alleging disability beginning on October 31, 2010. Docket 7, p. 112-13, 123-25. Her claim was denied initially on May 6, 2013, and on reconsideration on May 15, 2013. *Id.* at 46-55, 56-62. She requested a hearing (*id.* at 73-74) and was represented by counsel at the hearing held on June 20, 2014. *Id.* at 22-45. The Administrative Law Judge (ALJ) issued an unfavorable decision on July 7, 2014 (*id.* at 5-18), and the Appeals Council denied plaintiff's request for a review on September 21, 2015. *Id.* at 1-3. Plaintiff timely filed this appeal from the ALJ's most recent decision under 42 U.S.C. § 405(g), and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on June 7, 1969 and has a high school education. Docket 7, p. 27. She

was forty-five years old at the time of the hearing. *Id.* at 26. Her past relevant work was as a bookkeeper, office manager and bar and grill operator. *Id.* at 38. Plaintiff contends that she became disabled before her application for disability as a result of bipolar disorder. Docket 7, p. 127. The ALJ determined that plaintiff suffered from "severe" impairments of " anxiety, depression and bipolar disorder" (Docket 7, p. 10), but that her impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). *Id.* at 12.

Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity [RFC] to

> perform a full range of work at all exertional levels but with the
> following nonexertional limitations of performing tasks with
> simple instructions and routine and repetitive tasks. The claimant
> is able to concentrate for two hours at a time. She is limited to
> only occasional contact with the general public, but she must have
> non-confrontational interaction with supervisors.

Docket 7, p. 13. The ALJ evaluated all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, plaintiff's mother in law and plaintiff's husband, and found that because plaintiff could perform the jobs of a cleaner/housekeeper, garment sorter and assembler of small part, she is not disabled under the Social Security Act. *Id.* at 18.

Plaintiff claims that the ALJ committed reversible error because he did not properly consider the opinion of Dr. Charles Small, her treating psychologist, or fully evaluate the record evidence. Docket 13.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7]  If the Commissioner proves

---

[1]*See* 20 C.F.R. §§ 404.1520 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b)(2010).

[4]20 C.F.R. §§ 404.1520(c)(2010).

[5]20 C.F.R. §§ 404.1520(d)(2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e)(2010).

[7]20 C.F.R §§ 404.1520(g)(2010).

other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*,

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## III.  DISCUSSION

### A.  Whether the ALJ properly considered the opinion of Dr. Charles Small.

Plaintiff contends the ALJ failed to properly consider the opinion of Dr. Charles Small, her treating psychologist.  Docket 13, p. 5.  She asserts that the ALJ did not conduct the proper *Newton* analysis and consider the factors set forth in 20 CFR 404.1527.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  Specifically, plaintiff explains that the ALJ should have afforded Dr. Small more weight than the examining consultant, Dr. Whelan, because Dr. Small has a history of treating plaintiff and is more familiar with her illness and treatment, the record evidence is consistent with his opinion, and because the only other evidence in the record is consultative examiner Dr. Whelan's five-page report.  Docket 13, p. 6-7.

The Commissioner responds that the ALJ was not required to consider the *Newton* factors where the record contains first-hand competing evidence from another treating or examining physician.  Docket 14, p. 7.  Because, according to the Commissioner, Dr. Small's opinion is inconsistent with records of Dr. Terry, also a physician from Life Help, the ALJ was not required to consider the *Newton* factors.  *Id.*  The court agrees that the ALJ is not required to consider the *Newton* factors when the record contains first-hand competing evidence from another treating or examining physician.  However, it finds troubling the Commissioner's reliance on Dr. Terry's records as competing evidence from another treating source.  It is clear that Dr. Small and Dr. Terry practice together and rely on one another's records when providing a medical source

statement for the purpose of social security claims. The very nature of clinics such as Life Help requires that patients see various physicians on different visits and similarly diminishes the need for every provider at Life Help to provide an independent medical opinion as to plaintiff's impairments. Nevertheless, because plaintiff was examined by Dr. Whelan, the ALJ was not required to conduct a *Newton* analysis as to Dr. Small's opinions.[11] Plaintiff's claims to the contrary fail as a matter of law.

### B. Whether the ALJ erred by failing to properly evaluate all record evidence?

Plaintiff asserts that the ALJ failed to properly consider the Third Party Function Report prepared by Sheila Robertson, plaintiff's mother-in-law, and a letter submitted by Kristopher Lindsey, plaintiff's husband. Docket 13, p. 10-11. She alleges that the ALJ's failure to afford more weight to these third-party statements is improper "picking and choosing." *Id.*

The Commissioner acknowledges that the ALJ did not assign a specific stated weight to Robertson's report, but notes that plaintiff did not demonstrate any harm suffered as a result of that perceived error. Docket 14, p. 14. "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35. "[T]he ALJ must consider all the record evidence and cannot "pick and choose" only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Based upon a review of the record in its entirety, the undersigned is of the opinion that

---

[11] The ALJ did examine the Life Help records before him and methodically pointed out the inconsistencies between Dr. Small's functional report and the actual medical records of plaintiff's treatment.

the ALJ did not "cherry-pick" the evidence necessary to support his RFC and any error in

evaluating the reports provided by Robertson and Lindsey was harmless error. The claim that the

ALJ failed to satisfy his duty to evaluate all record evidence is without merit.

### IV. CONCLUSION

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by

substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record

and developed it further by obtaining a consultative examination by Dr. Whelan, properly

identified and analyzed the relevant listed impairments, fully discussed the evidence contained in

the record and concluded that the balance tipped toward functional ability in determining whether

the plaintiff's impairment met or equaled a listed impairment. The plaintiff did not provide

credible evidence that her alleged impairment affects her ability to work, and the ALJ more than

adequately explained his reasons for reaching his RFC. As a consequence, the undersigned holds

that the ALJ's decision was supported by substantial evidence and must be affirmed. A final

judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 27th day of June, 2015.

_/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE